ROBERT CHAULS and SYLVIA CHAULS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chauls v. Commissioner
Docket No. 5133-79.
United States Tax Court
T.C. Memo 1980-471; 1980 Tax Ct. Memo LEXIS 110; 41 T.C.M. (CCH) 234; T.C.M. (RIA) 80471; October 22, 1980, Filed Robert Chauls, pro se. Alan J. Pinner, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $1,631.72.Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision only whether petitioners are entitled to deduct the expenses they incurred in connection with the use of a part of their home in connection with their employment. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Sherman Oaks, California, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1976. During the taxable year 1976, Robert Chauls (petitioner) was employed as a music instructor at Valley College, Los Angeles Community *112 College District, Los Angeles, California. Sylvia Chauls was employed as a music instructor at The John Thomas Dye School, Los Angeles, California. In connection with his employment, petitioner instructed classes in music theory, music appreciation and musicianship. He also taught classes in piano, assisted in producing the Valley opera each year and conducted the A Cappellea choir. Valley College provided petitioner with an office which he shared with two other instructors and with classrooms containing pianos for his instruction activities. Valley College provided petitioner with the use of a rehearsal room for the college opera for 6 hours a week. Petitioner had a separate desk in the office provided him at Valley College and he used this desk in connection with his work when he had an hour or more between classes. Petitioner also used the office furnished to him by the college for interviews with students. Petitioner used the classrooms provided to him that contained pianos for instructing his piano classes and used the rehearsal room provided for rehearsing the opera the 6 hours a week of scheduled rehearsal time for the opera. Petitioner converted one bedroom in *113 his home into an office. He had a desk, a telephone, a calculator, a chair and a large number of books, some of which were related to his employment activities and others that were not. Petitioner used this office in his home for grading of papers, preparation of class work, planning rehearsals and similar activities connected with his employment as a music instructor at Valley College. In addition, petitioner used his home office for preparing his Federal income tax returns, sorting his mail, paying his personal bills and doing work in connection with his investments in commodities and stocks. The calculator was used by petitioner primarily in connection with his investment work and preparation of his tax returns. The living room in petitioners' home has an L-shaped extension which the previous owner had used as a conversation room or a den. Petitioners converted this L-shaped extension of the living room into a music room. This room contained a grand piano, a bench, a chair and a stereo receiver. Petitioner used the music room for practice of the piano in connection with recitals that he was expected to give as a music instructor at a college and also to meet with students *114 who were participating in the opera to rehearse particular sections or ensembles. He also used the music room in connection with the practice of particular students who were members of the A Cappella choir. In addition to the piano in the music room, petitioners also had a piano in the living room. Since the music room opened into the living room, guests used the music room as well as the living room at parties given by petitioners at their home. Mrs. Chauls, in connection with her employment as a music instructor at The John Thomas Dye School, was provided with a classroom that contained a piano. Mrs. Chauls was involved in classroom instruction from 8 a.m. to 3 p.m. each day. The John Thomas Dye School permitted teachers to utilize their classrooms after school closed at 3 p.m., but Mrs. Chauls preferred not to stay because she felt it was unsafe to be in the building after school hours. Petitioners converted a second bedroom in their home into an office which was used by Mrs. Chauls in 1976 for preparation for her classes. Petitioners on their Federal income tax return for 1976 claimed a deduction of $2,038 for office-in-home expenses. Respondent in his notice of deficiency *115 disallowed in full this claimed deduction. The parties now agree that if petitioners are entitled to a deduction for home office expenses the correct amount of such deduction is $997 rather than the $2,038 claimed on petitioners' tax return. OPINION Section 162(a) provides for an allowance of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Petitioners take the position that the cost of using the offices and the music room in their home was an ordinary and necessary business expense. They point out that it was helpful to them in their work to use space in their home in connection with their work and particularly the space in the den that contained a piano. Respondent does not dispute that the use by petitioners of the home offices and the music room in their home was appropriate and helpful to petitioners in their occupations as instructors of music. Respondent's position is that the deduction is nevertheless to be disallowed under the provisions of section 280A which is applicable to years beginning after December 31, 1975. Section 280A(a) provides: (a) General Rule.--Except as otherwise provided in this *116 section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. Petitioners argue, however, that the deduction they claim is not to be disallowed under section 280A(a) since they fall within the exceptions to the application of section 280A(a) contained in section 280A(c)(1). [1] Thet contend that their home was their principal place of business. As to Mr. Chauls, they contend that the music room in their home was a place of business used by "customers" in meeting and dealing with Mr. Chauls in the normal course of his trade or business. It is Mr. Chauls' position that his students should in effect be considered his "customers" or the "customers" of Valley College since they pay tuition to Valley College and both he and Valley College are interested in having an adequate number of students enrolled in the college music department. *117 In our view the record is clear that the principal place of business of Mr. Chauls was Valley College. Petitioner was an instructor and he taught his classes at Valley College. He was furnished an office at Valley College and a rehearsal room at Valley College. Petitioner contends that he spent more hours working at home than he spent working at Valley College. However, in our view, the number of hours petitioner spent working at home as compared to the number of hours spent on the business premises of his employer is not the criteria for determining where his principal place of business is located. As we pointed out in , nothing in the legislative history of section 208A or in the Commissioner's regulations defines the meaning of "principal place of business" as used in that section and "We therefore take it that what Congress had in mind was the focal point of a taxpayer's activities * * *." We further pointed out in the Baie case that it was the taxpayer's sales of her products that generated her income and, even though preliminary preparation of the products done in her home were beneficial to the operation *118 of her business, the sales occurred at another place. Similarly here it was petitioner's teaching of classes that generated his income and, even though some or even most of his preparation for those classes was done in his home, his principal place of business was at the school where the taught. It is clear therefore that petitioner's use of an office and music room in his home does not come within the exception to section 280A(a) contained in section 280A(c)(1)(A). It is certainly clear from this record that The John Thomas Dye School was Mrs. Chauls' principal place of business and in effect petitioners do not contend to the contrary. In our view petitioner's use of space in their home for business purposes likewise fails to come within the exception to section 280A(a) contained in section 280A(c)(1)(B). We do not consider students in petitioner's classes to be "patients, clients, or customers" of petitioner within the meaning of section 280A(c)(1)(B). Also, in our view, under the normal definition of "patients, clients, or customers," students at Valley College are not "customers" of the college. Clearly, Mrs. Chauls cannot qualify under the exception contained in section *119 280A(c)(1)(B) since the record is devoid of any evidence that anyone ever came to her home to meet with her in the room she used there as an office. However, even if petitioner's students who came to his home to practice for the A Cappella choir or the opera could be considered to be "patients, clients, or customers" of petitioner or the college, petitioner has failed to show that he is entitled to any deduction for the use of an office or music room in his home. Section 280A(c)(1) requires, in order for subsection (a) not to be applicable to a portion of a dwelling unit used by a taxpayer for business purposes, that the portion of the dwelling unit for which the deduction is claimed be "exclusively used on a regular basis" as a place of business. The record here shows that neither petitioner's office nor his music room was exclusively used for petitioner's business. The music room was sometimes used by petitioners for entertaining friends and petitioner's office was used for such personal business as paying personal bills and sorting petitioner's personal mail.
In our view the evidence here likewise fails to show as required by section 280A(c) that the use of petitioner's office *120 and music room in connection with his business activities was "for the convenience of his employer." Petitioner argues that an inference should be drawn from the fact that he was expected to put on an acceptable opera performance that his use of his home for some of his work was for the convenience of his employer. Petitioner has, however, failed to show that some arrangements could not have been made with his employer to do the work petitioner did at home with the singers in the opera and the A Cappella choir on the school premises. In our view, although the use by petitioners of a part of their home was appropriate and helpful in connection with their business, they have totally failed to show that they come within the exceptions to section 280A(a) set forth in section 280A(c). For this reason the expenses of their maintenance of their home offices and music room are not deductible because of the provisions of section 280A(a). The legislative history of section 280A, which was set forth in both , and in , makes it clear that section 280A was intended to prohibit *121 a deduction for the expenses of a home office which was merely appropriate and helpful to a taxpayer in his trade or business. Such a deduction is allowable only where one of the exceptions to the provisions of section 280A(a) contained in section 280A(c)(1) is met. We therefore hold that petitioners are entitled to no deduction for home office expenses in the year 1976. Decision will be entered under Rule 155. Footnotes
1. Sec. 280A(c)(1) provides: (c) Exceptions for Certain in Business or Rental Use; Limitation on Deductions for Such Use.-- (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.↩